# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| ANTHONY LEE ROBINSON, | ) | Civil Action No. 7:13-cv-00292 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| BRISTOL VA CITY JAIL, et al., | ) | By:    Hon. Michael F. Urbanski |
|     Defendants. | ) |        United States District Judge |

Anthony Lee Robinson, a Virginia inmate proceeding pro se, filed a civil rights action

pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1331 and § 1343. Plaintiff

names as defendants the Bristol City Jail and the Virginia Department of Corrections ("VDOC")

as defendants, and he moves to join Dr. Sherrill and Medical Officers Pensenger, Salyena, and

Casey of the Bristol City Jail and Dr. Dunn and Dr. Ofogh of the Charlotte County Jail. This

matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing all of

Plaintiff's numerous filings, the court denies the motion to join and dismisses the Complaint

without prejudice for failing to state a claim upon which relief may be granted.


## I.

Plaintiff believes that he has received inadequate medical treatment at the Charlotte

County Jail, Bristol City Jail, and Wallens Ridge State Prison in years 2012 and 2013 for his

continual complaints about mouth, chest, and neck pains. Specifically, Plaintiff lists the

following three claims in the verified Complaint:

> [1] Denied dental care over prescribed antibiotics [illegible] prescribed
> pain med[illegible]. Denied medical care[.] [2] Denied medical care
> for chest pain. Bristol Dr. Sherrill[,] who has not seen me[,]
> countermanding test [and] treatment ordered by Charlotte County Dr.
> Dunn and Dr. Ofogh[,] who have seen me. [3] Victim of cruel and
> unusual punishment. Pain [and] dental [and] medical care in retaliation
> for exposing [a] medical officer['s] . . . dereliction of duties and

> threatening inmates have suffered [sic] und[ue] pain[,] suffering[,] and
> mental anguish.

Compl. 2.  Plaintiff merely lists the names of the proposed defendants in the motion to join without noting specific allegations against them.

## II.

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  However, neither the Bristol City Jail nor the VDOC is an appropriate defendant.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989) (stating states nor governmental entities that are considered arms of the state like the VDOC are persons under § 1983); McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890 (E.D. Va. 1992) (reasoning a jail is not an appropriate defendant to a § 1983 action).  Consequently, Plaintiff fails to state a claim upon which relief may be granted against the Bristol City Jail or the VDOC.

## III.

The court denies Plaintiff's motion to join Dr. Sherrill and Medical Officers Pensenger, Salyena, and Casey of the Bristol City Jail and Dr. Dunn and Dr. Ofogh of the Charlotte County Jail.  Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of course within 21 days of serving the pleading or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier"; if a party seeks to amend its pleadings in all other cases, it may only do so with the court's leave or the opposing party's

written consent.[1]  A court should freely give leave when justice so requires absent some reason

"such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

virtue of allowance of the amendment or futility of the amendment . . . ." Foman v. Davis, 371

U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)(2)).

The court must also consider the more specific joinder provisions of Rules 19(a) and

20(a) when a plaintiff files a motion to amend that seeks to join additional defendants. Hinson v.

Norwest Fin. S.C., Inc., 239 F.3d 611, 618 (4th Cir. 2001).  The proposed defendants must have

a right to relief asserted against them, "arising out of the same transaction, occurrence, or series

of transactions or occurrences[,]" and the claims must share some "question of law or fact

common to" all defendants.  Fed. R. Civ. P. 20(a)(2).

Plaintiff's method of prosecuting this action causes the proposed joinder to be futile and

impose undue prejudice.  Although defendants relate to the same transaction, occurrence, or

series of transactions or occurrences involving the Bristol City Jail, Plaintiff fails to describe a

right to relief against them.  Instead, Plaintiff merely lists these proposed defendants in the

motion to join, and the verified Complaint does not recite facts involving Pensenger, Salyena, or

Casey.[2] See United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th

Cir. 2008) (recognizing an amendment is futile if it fails to state a claim).

Furthermore, any defendant joined to this action would be unduly prejudiced.  No

defendant can understand what claim, if any, is actually asserted in Plaintiff's numerous filings

---

[1] The action has not yet been served on Defendants.
[2] Plaintiff merely alleges in the verified Complaint that Dr. Sherrill disagreed with Dr. Dunn and Dr. Ofogh about
diagnosing Plaintiff's ailments, which is not sufficient to plead these doctors' deliberate indifference to a serious
medical need.  See, e.g., Estelle v. Gamble, 429 U.S. 97, 104 (1976); Sosebee v. Murphy, 797 F.2d 179, 181 (4th
Cir. 1986); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam).

because none of them conforms to Rules 8 and 10 of the Federal Rules of Civil Procedure. Rules 8[3] and 10[4] require "a short and plain statement of the claim showing that the pleader is entitled to relief" to be set out in numbered paragraphs, each limited to a single set of circumstances. Instead of writing a short and plain statement of any claim, Plaintiff files copies of various grievances and medical records along with cryptically handwritten letters narrating his experiences in three separate correctional facilities. Even if the court were to allow the joinder, there is no way for any joined defendant to identify when Plaintiff alleges a defendant's act or omission violated an unspecified federal right. See Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (noting the Federal Rules prohibit

---

[3] Rule 8 states in pertinent part:
(a) Claim for Relief. A pleading that states a claim for relief must contain:
    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
* * *
(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.
    (1) In General. Each allegation must be simple, concise, and direct. No technical form is required.
    (2) Alternative Statements of a Claim or Defense. A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
    (3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

[4] Rule 10 states:
(a) Caption; Names of Parties. Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.

(b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

(c) Adoption by Reference; Exhibits. A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

litigants from using "shotgun" pleadings to make it virtually impossible to know which

allegations of fact are intended to support which claim(s) for relief). Rules 8 and 10:

> [W]ork together to require the pleader to present his claims discretely
> and succinctly, so that his adversary can discern what he is claiming and
> frame a responsive pleading, the court can determine which facts
> support which claims and whether the plaintiff has stated any claims
> upon which relief can be granted, and, at trial, the court can determine
> that evidence which is relevant and that which is not.

Fikes v. City of Daphne, 79 F.3d 1079, 1082-83 (11th Cir. 1996). Plaintiff is mistaken in his

belief that the court or a defendant will construct his claims for him, telephone people on his

behalf, or prosecute a criminal action. It is Plaintiff's duty to prosecute his own civil action in

accordance with the Federal Rules of Civil Procedure, and, although he may proceed pro se and

may have a pleading liberally construed, Plaintiff is not entitled to special consideration to

excuse his failure to follow a straightforward procedural requirement that a lay person can

comprehend as easily as a lawyer. See, e.g., supra notes 3-4, at 4; McNeil v. United States, 508

U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil

litigation should be interpreted so as to excuse mistakes by those who proceed without

counsel.").

## IV.

For the foregoing reasons, Plaintiff's motion to join is denied as futile and unduly

prejudicial, the Complaint is dismissed **without prejudice** for failing to state a claim upon which

relief may be granted against the Bristol City Jail and the VDOC, pursuant to 28 U.S.C.

§ 1915A(b)(1), and Plaintiff's motion to furlough and various motions to amend to request

damages and to add narratives, grievances, and medical records are denied as moot.

5

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying

Order to Plaintiff.

Entered: August 30, 2013

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge